HARRY B. CLAYTON, PLAINTIFF-APPELLANT, v. ANN V.
CLAYTON, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued April 24, 1950—Decided May 1, 1950.

(1)

Before Judges McGEEHAN, COLIE and EASTWOOD.

*Mr. Ward Kremer* argued the cause for appellant.

The opinion of the court was delivered by

COLIE, J. A. D.   This is the appeal of Harry B. Clayton from a judgment of the Superior Court, Chancery Division, dismissing the complaint filed by him wherein he sought a divorce from his wife, Ann V. Clayton, on the ground that she had wilfully, continuedly and obstinately deserted him for more than two years.   The wife answered denying the desertion and counterclaimed for suitable support and maintenance.   The final judgment recites that the counterclaim of the wife was withdrawn and hence the judgment dismissing it.

At the time of the marriage in 1943 the plaintiff was 70 years of age; his wife 59 or 60.   After the marriage, the couple resided in the husband's home at Manasquan, and according to the husband they cohabited for approximately three months, when the wife moved to another room and thereafter refused to have further sexual intercourse.   The wife admitted that after July, 1945, sexual intercourse ceased between them.   Petition for divorce was filed more than two years after the date last mentioned and therefore, since the statutory two years is admitted, there were but two questions which the court below had to decide; the first being whether the cessation of intercourse was due to her refusal, and if that was resolved in the affirmative, then the next question is whether the husband had performed the duty imposed upon him to make such advances as might reasonably be expected to induce his wife to desist from her refusal as he contended.

The obligation was upon the husband to establish the latter element by the greater weight of the evidence. On this phase of the case we are confronted with a clear conflict of the evidence of the husband as against that of the wife and there is nothing in the case to corroborate the husband's testimony of his attempt to induce the wife to change her attitude. In the absence of such corroboration, the judgment under appeal is clearly correct.

The judgment under appeal is affirmed.